Argument for Appellant.

No. 2,253.

THOMAS WALLACE MORE, APPELLANT, v. B. BONNET, RESPONDENT.

CONTRACT IN RESTRAINT OF TRADE.—A contract by which one of the parties binds himself not to engage in a particular business or occupation "in the City and County of San Francisco, or State of California" is in restraint of trade, and therefore void, as against public policy.

IDEM.—NOT SEVERABLE.—Such a contract is an entire contract, and cannot be severed so as to enforce that portion relating to the City and County of San Francisco, and reject that relating to the State of California.

IDEM.—CONTRACT.—CONSTRUCTION OF.—The question whether a contract is entire or separable, can only be solved by considering both the language and the subject matter of the contract.

IDEM.— WHEN SEVERABLE.—A contract will generally be held to be severable when the price is expressly apportioned by the contract, or the apportionment may be implied by law to each item to be performed.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The plaintiff appealed.

The facts are stated in the opinion.

*Pringle & Pringle,* for Appellant.

We find in this covenant the mention at least of two separate and distinct limits wherein restraint is to be exercised. The breach of covenant is alleged to have accrued within the limits of the first mentioned area, and the complaint in this regard is silent as to the other. If the memorandum of contract had contained a covenant of restriction limited only to the City and County of San Francisco, such a covenant would undoubtedly have been valid. (*Wright* v. *Ryder,* 36 Cal. 357-8; *Chappell* v. *Brockway,* 21 Wend. 162; *Holbrook* v. *Waters,* 9 How. Pr. 338; *Bunn* v. *Gay,* 4 East. 190.) But it is insisted, that because the memorandum of contract contains the further words "or State of California," the effect is to destroy the force of the covenant as regards the area limited to the City and County of San Francisco, or the contract is to be so construed as to merge this reasonable and restricted limit to the said City and County, into a general and total limit extending over the whole

State. In other words, that, by this addition to the contract, the intention of the parties was to wipe away any effect created by their former words, and to create but a single covenant of restraint, limited to the whole State. Such a method of construction is hostile both to the ordinary and usual meaning of the words used, and to all legal precedent and authority. If the additional words had been " or State of New York" no question whatever would have arisen, but that the disjunctive "or" had been used in the ordinary sense of a disjunction signifying a separation, and not a combination. But, apart from this reasoning on phraseology, we maintain that the law construes this covenant as an agreement to refrain from exercising a trade within the limits of two separate and distinct areas, and though the restraint as to the latter limit be bad, yet the law will still afford relief for a violation of the covenant as regards the former valid limit. (Story on Contracts, Sec. 640, and notes 2 and 4; *Archibald* v. *Thomas*, 3 Cow. 290; *Smith* v. *Parkhurst*, 3 Atk. * p. 136; *Jackson* v. *Showl*, 29 Cal. 272; *Saunders* v. *Clark*, Id. 305; *People* v. *Rickett*, 8 Cow. 226.)

*Jarboe & Harrison*, for Respondent.

The contract being illegal confers no right upon the plaintiff. It is in restraint of trade, and void as against public policy. (*Wright* v. *Ryder*, 36 Cal. 356, and the various cases therein enumerated.)

This proposition is not controverted, but it is insisted that the covenant is valid, inasmuch as the "City and County of San Francisco" may be taken by itself and is a "reasonable restricted limit." . To this we reply: The contract is an entire one and cannot be separated. An entire contract that is void in part is entirely void, and cannot be enforced. (*Roby* v. *West*, 4 N. H. 290; *Crawford* v. *Morrell*, 8 Johns. 253; *Mechelen* v. *Wallace*, 7 Ad. A. E. 49; *Thomas* v. *Williams*, 10 B. & C. 671.)

We do not understand the case of *People* v. *Rickett*, cited by appellant, as deciding that a lease, void by the Statute of Frauds, is valid so as to confer any affirmative rights

upon the tenant. It merely holds that, for the purpose of determining such tenancy, the entry by the tenant shall be held lawful so as to entitle him to a proper notice to quit, carrying out the doctrine previously held, that for such purposes a tenancy at will shall be deemed a tenancy from year to year. The three cases last cited by us above are in point, that a contract void in part by reason of the Statute of Frauds cannot be made the basis of a cause of action.

This is not a case where the rules applicable to construction of ambiguous words or phrases may be invoked. There is nothing ambiguous in the contract; no word or phrase that is capable of two interpretations. The only question is whether the contract is entire or several. That it is entire, we think, is apparent upon its examination.

There is only one consideration for the entire agreement of Bonnet, viz: two thousand dollars. There is no sum affixed for the sale of the merchandise, none for the good will, none for the covenant not to engage in the business in San Francisco, none for the covenant not to engage in the business in California. Had there been a different valuation affixed to each of these items, the appellant might, with some degree of propriety, have argued that the contracts were several, but in the absence thereof, such argument is inapplicable.

Rhodes, C. J., delivered the opinion of the Court.

M. Bonnet & Co., in consideration of $750 to them paid by the plaintiff, and his promissory note for $1,250, payable to them in five equal monthly installments, sold to the plaintiff, all the tools and utensils used by them in their business of asphaltum roofing and pavement-laying, a certain lot of gravel, and a good will of that business in all its branches; and they further promised and agreed with the plaintiff, that in case he should pay the several installments of the note, as they should become due, they "shall not hereafter at any time engage, either directly or indirectly, in the said business of asphaltum roofing or pavement-laying in the City and County of San Francisco, or State of Califor-

nia." It is alleged in the complaint, that the defendant
was carrying on that business under the name of Bonnet
& Co. The plaintiff sues to recover damages for an alleged
breach of that contract, and to enjoin the defendant from
carrying on that business in the City and County of San
Francisco, or the State of California. The demurrer to the
complaint was sustained on the point, that the contract is
in total restraint of trade, and therefore void, as against pub-
lic policy.

It is not doubted that the contract, so far as it relates to
the whole State, is void (*Wright* v. *Ryder*, 36 Cal., 357);
but it is contended that the contract restrains the exercise
of the business within two distinct areas; that the contract is
severable—the one part restraining the exercise of the busi-
ness within the City and County of San Francisco, and the
other part restraining its exercise within the State, and that,
while the latter is void, the former is valid, because the
limits are not unreasonable. But we are of the opinion
that the contract is, in that respect, entire. No precise
rule can be laid down for the solution of the question,
whether a contract is entire or separable; but it must be
solved by considering both the language and the subject
matter of the contract. There were not two distinct areas,
for the one included the other. The defendant's business
was not carried on in the two distinct areas, as two separ-
ate occupations, but the complaint avers that the defendant
was carrying on the business in the State, and that he sold
such business to the plaintiff. When the price is expressly
apportioned by the contract, or the apportionment may be
implied by law, to each item to be performed, the contract
will generally be held to be severable; but no such ap-
portionment can be made of this contract. When the con-
tract provides for the restraint of the business within the
State, if the mention of any subdivision of the State will
make the contract severable, then it would be easy to defeat
the rule prohibiting contracts in total restraint of trade by
mentioning in the contract each subdivision of the State;
and when it is objected that the limits are unreasonable,

it will be answered that the plaintiff seeks to enjoin the defendant from pursuing the business, in only one of the cities or towns mentioned in the contract.

Judgment affirmed.