CAROLINA CENTRAL RAILWAY CO. v. J. S. PHILLIPS and others.

*Practice--Costs—Proceedings to Condemn Land.*

Where a Railroad Company instituted a proceeding before a Superior Court Clerk to condemn the defendant's land, and appealed to the Superior Court from the assessment of damages made by the Commissioners as excessive ; and upon a jury trial the amount of damages was reduced and judgment rendered therefor in favor of defendant ; *It was held,* that no part of the costs were taxable against the defendant.

(*R. & A. R. R. Co.* v. *Wicker,* 74 N. C. 220, cited and approved.)

CIVIL ACTION, removed from Mecklenburg and tried at Fall Term, 1877, of CABARRUS Superior Court, before *Kerr, J.*

This proceeding was instituted by the plaintiff to condemn the land of defendants through which its road was built, and Commissioners were appointed by the Clerk of the Superior Court under an Act of Assembly, who assessed damages in favor of the defendants in an amount which was

alleged by the plaintiff to be excessive. An appeal was taken from the report of the Commissioners to the Superior Court, and a jury trial had. The verdict of the jury sustained the exceptions to the report of the Commissioners in respect to excessive damages, and the amount of said damages was reduced by the verdict

Judgment was given in favor of the defendants for the amount so assessed, and also that the costs be taxed equally against each party to the action.

On the opening of the case, the defendants insisted that they had the right to open and conclude, but His Honor held that the plaintiff was entitled to that privilege, as the burden was upon it to show that the damages assessed by the Commissioners were excessive.

The defendants appealed from so much of the judgment as required them to pay half the costs.

*Messrs. A. Burwell, W. J. Montgomery* and *J. D. Shaw,* for plaintiff.

*Messrs. Shipp & Bailey, Wilson & Son* and *R. Barringer,* for defendants.

READE, J. To enable the plaintiff to condemn the land of the defendant, its charter prescribes that it may file a petition before the Clerk of the Superior Court, and the Clerk may appoint Commissioners, and they may appraise the damage to be paid to the defendant and report to the Court from which the commission issued. And if either party is dissatisfied, there may be an appeal to the Superior Court. Acts 1872–'73, ch. 75, § 9.

It will be noticed that the provision is very meagre and unsatisfactory, and if it stood alone, would be very difficult to administer. How the appeal is to be effected and what is to be done in the Superior Court is not stated; nor does

it come under the general head of appeals from Justices of the Peace, or from the Superior to the Supreme Court. Probably it was not made more specific under the idea that the general law for all such cases would govern, as it manifestly ought to govern, because it would produce interminable confusion if for every railroad and corporation there should be a separate and distinct system of procedure and trial. This seems to be the view taken by the counsel for the plaintiff, as we see in his brief the position taken that "the charter is not inconsistent with the general railroad Act. Bat. Rev. ch. 99, §§ 16, 17."

The general Act provides that the plaintiff shall file its petition and the Court shall appoint Commissioners and they shall appraise and report to the next Court in term time, and that either party may except and the Court shall pass upon the exceptions and may refer it back to the same Commissioners or to others, and the second report is to be final and conclusive. So it seems that there is no express provision in the general law for a jury, nor for an appeal from the report of the Commissioners to the Superior Court. There cannot be an appeal in its ordinary acceptation, from the Commissioners to the Superior Court; for the reason that they are not a *Court*, and for the further reason that they make their report directly to the Superior Court, just as a Referee or Master does.

It may be, however, that the parties have the right to have a jury trial. And there seems to have been no objection made to a jury trial in this case. And in *Raleigh & Augusta Air-Line R. R. Co.* v. *Wicker*, 74 N. C. 220, there was a jury trial by consent.

Taking it, then, to be an ordinary jury trial to ascertain the damage to the defendant's land, and the defendant having a verdict and judgment, the costs follow as a matter of course. There was error, therefore, in so much of the

judgment below as required the defendant to pay a portion of the costs.

We are inclined also to the opinion that the defendant ought to have been allowed to open and conclude, and it is important that the rules of practice should be observed ; but it is only a rule of practice and the amount in controversy is so small that we are satisfied that the interests of the defendant would not be subserved by granting a *venire de novo* on that ground. Indeed we assume that an appeal to this Court would not have been taken by the defendant upon that ground, if it had not been for the more important error of requiring him to pay a portion of the costs. A *venire de novo* is therefore refused.

The judgment below will be reformed so as to give judgment for the defendant for the damages assessed by the jury. And the defendant will recover full costs.

There will be judgment here in accordance with this opinion. And if the parties do not agree upon the amount, the Clerk of this Court will ascertain and report, for which he will be allowed $5.

PER CURIAM.                    Judgment accordingly.