CAROLINA CENTRAL RAILWAY COMPANY v. R. C. G. LOVE, Guardian.

*Condemning Land to Use of Railroad Co. Duty of Commissioners.*

Under the act incorporating the Carolina Central Railway Co., and providing for the condemnation of land for the construction and operation of the road (Laws 1872-3, ch. 75, §§ 9, 10,) it is the duty of the commissioners appointed by the court, not only to ascertain the value, but also the quantity, of the land which it is necessary to appropriate; and the land owner does not waive his right to insist on the performance of this duty by failing to answer the allegations of the petitioner as to the quantity necessary.

(*C. C. R. Co.* v. *Phillips*, 78 N. C., 49, cited and approved.)

APPLICATION for an Order to appoint commissioners for the purpose of condemning land for the use of the plaintiff company, heard on appeal at Chambers in Lincolnton on the 11th of February, 1879, before *Schenck, J.*

This proceeding was begun by the service of a notice upon defendant that the plaintiff would apply to the clerk of the superior court of Gaston county for the appointment of three commissioners to value two acres of land, belonging to the ward of defendant, lying on the west side of Catawba river and joining the right of way of the company, to be condemned for the use of the plaintiff. On return of the notice, the plaintiff filed its petition before the clerk for the purposes indicated above, and an order was made appointing commissioners to view the premises and to value and con-

demn so much of the land as in their opinion was necessary to serve the uses of the company. And from this order the plaintiff appealed to the judge of the district who reversed the judgment of the clerk in the words set out in the opinion of this court, and the defendant appealed.

Messrs. *Hinsdale & Devereux*, for plaintiff.
: No counsel in this court for defendant.

SMITH, C. J.  The act of February 20th, 1873, under which "The Carolina Central Railway Company" was incorporated and formed, provides in sections 9 and 10 for the condemnation and valuation of lands needed in the construction and operation of the road.  Acts of 1872–'73, ch. 75.

- The former section authorizes the clerk of the superior court of the county, wherein lands sought to be appropriated to the use of the road may lie, to appoint three commissioners to make such valuation, gives the right of appeal to the superior court, and directs, when the owner may be an infant, that notice be given to his guardian of the intended application.

The required notice in the present case was given the defendant and the plaintiff applied by petition for the condemnation of two acres of the infant's land, particularly describing it "for the effectual operation of said railway," and "the building of houses for servants, agents and persons employed on said railway." The guardian put in no answer and set up no defence, and thereupon the clerk ordered, "that R. H. McLeod, John B. Fite and E. B. Stone be appointed commissioners to view the premises described in the petition and to condemn and value *so much thereof* as may in their opinion be necessary."

The plaintiff appealed, and the judge at Chambers, February 11th, 1879, made the following order: "It appearing to the court, by the complaint filed in this case, that it is alleged that two acres of land were necessary to be con-

demned for the purpose therein mentioned, and that no answer is filed, nor the allegations in any wise denied or put in issue, it is ordered that the judgment rendered by the clerk below be reversed, and that he proceed further in the action by ordering the commissioners to lay off *the said two acres* described in the complaint, and that they assess and report the value thereof, and that the commissioners give notice to the respective parties of their meeting, that they may be heard in the matter." From this order the defendant appeals to this court.

The decretal order we are called on to review, and which reverses the action of the clerk, condemns the *entire two acres* specified in the plaintiff's application, and directs the commissioners to assess and value the land.

In *C. C. R. R. Co.* v. *Phillips,* 78 N. C., 49, this court was called on to look into and put a construction upon section 9 of the plaintiff's charter, and found much difficulty in arriving at a satisfactory conclusion as to its operation and effect. Our embarrassment is less, as the controversy here is narrowed to a single point, wherein the two orders differ, to-wit: Shall the commissioners determine the *quantity* of the land needed by the plaintiff as well as its *value,* or are their functions limited to ascertaining the value of the whole lot?

In our opinion it is their duty to ascertain as well what portion of the land the company ought to have as the sum to be paid the owner therefor, and that the omission to answer is not conclusive upon either. It certainly was not the intent of the act to invest the clerk with this large power and deny him the right to estimate the value of the property to be condemned.

It seems peculiarly appropriate to leave these matters to the commissioners, with that general supervision over their acts which is exercised by the power under whose appoint-

C. C. R. R. Co. *v.* Love.

ment they act. It is the right of the owner of lands which are taken for public use under the right of eminent domain, to restrict the public to the smallest quantity needed, and to have the quantity as well as the value determined by impartial and competent persons. It might lead to great abuses and oppression if it were left to the discretion of the company to condemn what they chose. But we are not left to reason out the result, for we think the intent of the general assembly is quite manifest from the concluding words of section 10, which are: "And said company shall also have power to condemn and appropriate lands in like manner for the constructing and building of lateral roads and branches, and for depots, shops, warehouses, *buildings for servants, agents, and persons employed on said railway,* not exceeding two acres for any one lot or station, *the quantity in such case to be determined by the commissioners.*"

The language is explicit, that the quantity is not a settled fact, decided before the appointment of commissioners, any more than the value of the land, and both are committed to their judgment. The order in the court below, reversing the order of the clerk, is erroneous, and is itself reversed. This will be certified for further proceedings according to law.

Error. Reversed.