[L. A. No. 1400.   In Bank.—April 2, 1906.]

## A. E. STERLING, as Trustee, Appellant, v. A. GREGORY, Respondent.

BREACH OF CONTRACT TO BUY ORANGES IN ONE GROVE—DEFENSE—PUR-
CHASE OF ORANGES IN THREE GROVES—RESCISSION OF CONTRACT—
SUPPORT OF FINDINGS AND JUDGMENT.—In an action for alleged·
breach of contract to buy oranges in one grove, where the defense.
was that under the contract all of the oranges in three groves were
purchased at different prices, and that plaintiff, by selling the
oranges in two of the groves to other persons, broke the contract,
on his part, and that defendant promptly rescinded the contract for
partial failure of consideration, findings of the issues in favor of·
the defendant, if supported by sufficient evidence, will be sustained
upon appeal, notwithstanding conflicting evidence to the contrary,
and are sufficient to support a judgment for the defendant.

ID.—ENTIRE AND SEVERABLE CONTRACTS—CONSTRUCTION—INTENTION OF
PARTIES.—Where several things are required to be done at different
times, if the money consideration to be paid for them is apportioned
to each of the items to be performed, the stipulations are ordinarily
regarded as several and independent; but the question whether a
contract is entire or severable is one of construction to be determined
by the court, according to the intention of the parties, upon consid-
eration of all the circumstances surrounding the making of the
contract.

ID.—ENTIRE CONTRACT—AGREEMENT—PLEADING AND FINDING.—An aver-
ment in the answer and a finding that the two undertakings of the
plaintiff as to the different groves of oranges were made by the
agreement of the parties parts of one contract, and that the agree-
ment to buy the oranges from one grove was in consideration of
the handling of the oranges from the other groves, was in effect an
averment and finding that the contract was entire and not severable.

ID.—RESCISSION OF ENTIRE CONTRACT—PARTIAL FAILURE OF CONSIDERA-
TION.—Where a contract is entire there is a right of rescission
thereof for a partial failure of consideration, under section 1689 of
the Civil Code.

ID.—COSTS—ACTION BY TRUSTEE—GOOD FAITH—CHARGE UPON TRUST
FUND.—Where the action was brought by the plaintiff as the trustee
of an express trust, and there was no charge of mismanagement or
bad faith on his part, costs recovered against him should be charge-
able only against the trust property described in the complaint.

APPEAL from a judgment of the Superior Court of San
Bernardino County.   Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Otis, Gregg & Surr, for Appellant.

Frank & Prescott, and Prescott & Morris, for Respondent.

SLOSS, J.—Action for damages for breach of contract. The plaintiff was the owner of certain orange groves in San Bernardino County, known as the "Upper Orchard," and alleges an agreement with defendant, by the terms of which the latter agreed to buy all the oranges grown on this orchard at the price of one and one quarter cents per pound. After the contract was partly executed, the defendant refused to accept or pay for any more fruit, and the plaintiff, after selling the remaining fruit for less than the contract price, brings this action to recover the difference. The answer denies that the contract was merely for the purchase and sale of the oranges grown on the groves described in the complaint, and alleges that the agreement between the parties was that defendant should handle, pack, ship, and sell for the account of plaintiff all the oranges grown on two other orchards belonging to plaintiff, and known as the "Triangle" and "Klondike" groves; that as part of the same contract, and in consideration of having the handling of the crops from said groves, the defendant agreed to buy all the oranges on the "Upper Orchard" at one and one quarter cents per pound. The answer then goes on to allege that before the deliveries from the "Upper Orchard" were complete, the plaintiff broke his contract as to the "Triangle" and "Klondike" groves by selling the fruit grown on those groves to other parties; that thereby there was a partial failure of consideration as to the defendant, and he promptly rescinded the contract and restored to plaintiff everything of value which he had received from him. The findings on these issues were in favor of defendant, and he had judgment for his costs. Plaintiff appealed from the judgment within sixty days, and brings up the evidence by means of a bill of exceptions.

The appellant contends that the findings as to the contract between the parties are unsustained by the evidence. But this contention cannot prevail. While the plaintiff testified that he made no agreement regarding the fruit on the "Tri-

angle'' and ''Klondike'' groves other than that he would give the handling of it to the defendant in case he should decide to ship it, two witnesses, in addition to the defendant himself, testified to an unconditional agreement that the defendant was to have the handling of the fruit from these groves at fifty cents per box, and was to buy the fruit from the ''Upper Orchard'' at one and one quarter cents per pound. And the further finding that the purchase and sale of the oranges from the ''Upper Orchard'' was a part of the contract for the handling of the fruit from the other groves, and was made in consideration of defendant's having the handling of such fruit, also finds sufficient support in the record. There is testimony to the effect that the agreed price of fifty cents per box for handling would have allowed the defendant a profit of twenty-five cents per box. And the defendant, in stating the conversation between himself and the plaintiff regarding the transaction, gave this version: ''I told him . . . that a cent and a quarter was full market value at that time; but inasmuch as I would have the privilege of shipping the two other orchards below the railroad, the Klondike and the Triangle, that would realize me some profit that we would be sure of, as we were not taking the chances of the market on these two orchards, and that I thought I could handle the other orchards, paying him the cent and a quarter with this understanding, . . . Mr. Sterling accepted my proposition.'' This testimony, if believed by the trial court, as it evidently was, fully justified the finding.

The appellant's main contention is that the contract, assuming it to have been made as found by the court, was not an entire contract; that the stipulation for the sale of fruit from the ''Upper Orchard'' and the one regarding the handling of other fruit were distinct and severable, and that therefore a breach of one furnished no ground for rescinding the other. It may readily be conceded that if the evidence went no further than to show that at one and the same time the parties agreed that the plaintiff should sell to the defendant, at a given price, the oranges from one grove, and that he should deliver to the defendant for handling the oranges from other groves, for a compensation of fifty cents per box, the agreement for sale and the agreement for handling would form separate and independent undertakings, and a breach

of one would not authorize a rescission of the other. The several things required to be done by plaintiff were to be done at different times, and the money consideration to be paid for them was not entire, but was apportioned to each of the items to be performed. There is ample authority for the proposition that in such case the stipulations are ordinarily regarded as severable and independent. As examples of cases declaring contracts to be severable under such circumstances as those supposed, may be cited: *Norris* v. *Harris,* 15 Cal. 250; *More* v. *Bonnet,* 40 Cal. 251, [6 Am. Rep. 621]; *Herzog* v. *Purdy,* 119 Cal. 102, [51 Pac. 27]; *Potsdamer* v. *Kruse,* 57 Minn. 193, [58 N. W. 983]; *Keeler* v. *Clifford,* 165 Ill. 544, [46 N. E. 248]; *Holmes* v. *Gregg,* 66 N. H. 621, [28 Atl. 17]. But it must be remembered that the question whether a contract is entire or whether its various stipulations are to be regarded as severable is a question of construction. The court seeks to determine the intent of the parties from a consideration of all the circumstances surrounding the making of the contract. The rule is well stated in *Wooten* v. *Walters,* 110 N. C. 251, [14 S. E. 734, 736], as follows: "A contract is entire, and not severable, when by its terms, nature, and purpose it contemplates and intends that each and all ·of its parts, material provisions and the consideration, are common each to the other and interdependent. . . . On the other hand, a severable contract is one in its nature and purpose susceptible of division and apportionment, having two or more parts, in respect to matters and things contemplated and embraced by it, not necessarily dependent upon each other, nor is it intended by the parties that they shall be. . . . It is sometimes difficult to determine whether the contract is entire or severable in such cases, and there is great diversity of decisions on the subject, but on the· whole, the weight of opinion, and the more reasonable rule would seem to be that where there is a purchase of different articles at different prices at the same time, the contract would be severable as to each article, unless the taking of the whole was rendered essential either by the nature of the subject-matter or *by the act of the parties.* This rule makes the interpretation of the contract depend on the intention of the parties as manifested by their acts and the circumstances of each particular case." And the cases relied on by appellant in which this court has declared

certain contracts to be severable all recognize that the intention of the parties governs, and that stipulations apparently distinct and separate may, by the agreement of the parties, be made to be mutually dependent and to form parts of an entire contract. Thus, in *Norris* v. *Harris,* 15 Cal. 227, Field, C. J., said: "But a contract, made at the same time, of different articles, at different prices, is not an entire contract, unless the taking of the whole is essential from the character of the property, or *is made so by the agreement of the parties, etc."* *More* v. *Bonnet,* 40 Cal. 251, [6 Am. Rep. 621], declares that where the price is, by the contract, apportioned to each item to be performed, "the contract will *generally* be held to be severable." And in *Herzog* v. *Purdy,* 119 Cal. 99, [51 Pac. 27], the court, in speaking of a similar contract, said: "Such a contract of sale the law regards *in general* as severable, and we discover no evidence here to take the case out of the rule, *nothing to show that the sale of one item was contingent upon the sale of the others, or that the contract was for other reasons an entirety."* (In all the foregoing quotations the italics are ours.)

The case at bar differs in its facts from all those cited, in that the answer alleged, and the court found, that the two undertakings of the plaintiff as to the different groves were in fact, by the agreement of the parties, made parts of one contract, and the agreement to buy the oranges from one grove was in consideration of defendant's having the handling of the oranges from the other groves. This was in effect an allegation and finding that the contract was entire and not severable. Such finding being, as we have seen, sustained by the evidence, it follows that on the refusal by the plaintiff to fully perform his part of the contract there was a partial failure of consideration, which under section 1689 of the Civil Code, gave the defendant the right to rescind. (*Richter* v. *Union Land and Stock Co.,* 129 Cal. 367, [62 Pac. 39].)

By the judgment, the defendant recovered costs against the plaintiff. Since, under the admitted allegations of the complaint, the plaintiff sued as trustee of an express trust, and there was no charge of mismanagement or bad faith on his part, the costs should, under the provisions of section 1031 of the Code of Civil Procedure, have been "made chargeable only upon the estate, fund, or party represented."

The judgment will therefore be modified by inserting therein a provision that the costs recovered by the defendant shall be chargeable only against the trust property described in the complaint, and, as so modified, the judgment is affirmed.

Beatty, C. J., Shaw, J., Angellotti, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.