[Sac. No. 2444. Department One.—February 2, 1918.]

## J. S. CAMPBELL et al., Respondents, v. GUY R. KENNEDY, Appellant.

TRUSTS—CONTRACT BY GRANTEE OF PROPERTY TO SELL AND DIVIDE PROCEEDS.—Where, in order to prevent the sale of property under execution, the owners conveyed it to one who advanced sufficient to pay off the execution, and promised that whenever he sold the property he would deduct the amount advanced by him and give one-half of the balance to his grantors, an action by the grantors against the grantee on a complaint, alleging refusal of the grantee to accept reasonable opportunities to sell, and his refusal to reconvey after a tender of the full amount advanced with interest, and praying judgment for a cancellation of the agreement and a reconveyance, upon payment of such advances and interest, might properly proceed upon the theory that the conveyance was made to the defendant in trust to sell the property and divide the proceeds between the plaintiffs and himself.

ID.—REASONABLE TIME FOR PERFORMANCE.—In such case, where no time was specified within which the sale was to be made, the law implied as one of the terms of the agreement that the sale should be made within a reasonable time, or at least that the defendant would make reasonable efforts to sell within such time.

ID.—RESCISSION.—The refusal of the defendant to perform his obligation to sell constituted a partial failure of consideration justifying a rescission.

APPEAL from a judgment of the Superior Court of Butte County.  H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

Guy R. Kennedy, and W. H. Carlin, for Appellant.

Frank Freeman, and George F. Gardner, for Respondent.

SLOSS, J.—In August, 1900, the plaintiffs, who were the owners of certain mining property in the county of Butte, gave to one Steifer a working bond or option, entitling him to work the property, and to receive a conveyance upon payment of nineteen thousand dollars.  Except for a relatively small amount, the entire purchase price was to be paid out of the net proceeds of the mining operations to be conducted. Steifer's rights under the agreement passed to a corporation which he organized for that purpose.  This corporation operated the mine, but nothing was ever paid to the plaintiffs from the net proceeds, if any were realized.

In 1906, the property, which remained in the possession of the holder of the option, was about to be sold under an execution issued upon a judgment against the plaintiffs.  Being without means, they approached the defendant, Guy R. Kennedy, and applied to him for assistance, with the result that the parties entered into the transaction which forms the basis of the present litigation.  Kennedy advanced one thousand two hundred dollars, the amount necessary to pay the judgment, and an additional $72 for taxes.  The Campbells conveyed the property to Kennedy, and he gave them in return a writing whereby he agreed that whenever he sold the property, he would, after deducting and retaining the amounts advanced by him, give one-half of the balance of the purchase price to the plaintiffs.  The complaint alleges that thereafter the de-

fendant had numerous opportunities to sell the property to various persons who had offered to purchase the same for reasonable sums, but that he had refused to accept any such offers, or to make any sale of the property. It is further alleged that shortly before the commencement of the action the plaintiff J. S. Campbell made a tender to the defendant of the full amount advanced by him, with interest, and demanded a reconveyance of the property, which offer was refused. The complaint asks judgment for the cancellation of the agreement and deed between the plaintiffs and Kennedy, and for a reconveyance, upon payment to Kennedy of his advances, with interest.

The answer put in issue various of the allegations of the complaint, and set up affirmative matter which is not material to the present consideration. The findings of the court were, in the main, in favor of the plaintiffs, and judgment was entered giving them the relief for which they asked. The defendant appeals from the judgment, and thus presents for review the correctness of the order denying his motion for a new trial, as well as that of the judgment itself. (Code Civ. Proc., sec. 956, amended 1915.)

While the complaint contains, in addition to what we have set forth, allegations designed to show fraud on the part of the defendant in obtaining the conveyance, the findings do not support this charge, and it need not be further considered. Nor is it necessary to discuss the appellant's claim that the conveyance from the Campbells to him was not a mortgage. The respondents have never contended that it was.

The consideration of the appeal may well proceed upon the theory advanced by the appellant himself, namely, that the conveyance was made to him in trust to sell the property and to divide the proceeds between the grantors and himself, after first deducting the amount of his advances. The writings did not specify any time within which the sale was to be made. But the law implies, as one of the terms of the agreement, that the sale should be made within a reasonable time, or, at least, that the defendant would make reasonable efforts to sell within such time. (Elliott on Contracts, sec. 1877.) The allegations of the complaint, found by the court to be true, are that the defendant had refused to sell the property, although offers of a fair price had been made to him. Be-

tween the date of the deed to defendant and the demand for a reconveyance, seven or eight years had elapsed. There is no specific averment or finding that this was more than a reasonable time for sale, but the circumstances alleged and found make this conclusion inevitable. While the evidence is conflicting, there was ample support for the material findings. The testimony of the plaintiff J. S. Campbell, corroborated to some extent by that of other witnesses, was that, in 1912, six years after the making of the deed, he had transmitted to the defendant an offer of ten thousand dollars for the property, and had pleaded with him to accept the proposal, but that the defendant had refused.

Under the Civil Code (sec. 1689), a party may rescind a contract: "2. If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part." The plaintiffs made out a case entitling them to rescind under this provision. The consideration for their conveyance consisted, first, of the defendant's advance of the money necessary to clear the property, and, second, of his agreement to sell, and to distribute the proceeds. The refusal to perform the obligation to sell constituted a partial failure of consideration, justifying a rescission. (*Richter v. Union Land etc. Co.*, 129 Cal. 367, 372, [62 Pac. 39]; *Sterling v. Gregory*, 149 Cal. 117, [85 Pac. 305].) The plaintiffs were required, as a condition of the right to rescind, to "restore to the other party everything of value . . . received from him under the contract." (Civ. Code, sec. 1691.) This requirement they fulfilled when they tendered repayment of the amounts advanced by the defendant, together with interest. The judgment, which makes the cancellation of the agreement and the reconveyance of the property conditional upon payment of the sum so tendered, is entirely, equitable, and gives to the defendant all that he is entitled to ask.

The judgment is affirmed.

Shaw, J., and Richards, J., *pro tem.*, concurred.