[L. A. No. 8674. In Bank.—July 17, 1928.]

W. C. PENNELL Respondent, v. STANLEY W. SMITH, INC. (a Corporation), Appellant.

Newby & Palmer, Newby & Newby and Dee Holder for Appellant.

E. O. Leake for Respondent.

PRESTON, J.—The appeal is by defendant, as seller, from a judgment for plaintiff, as a buyer, for seven hundred dollars, the amount paid on the purchase price, in an action to rescind the purchase under formal written contract dated May 6, 1923, of a second-hand Packard automobile. As finally amended, count one of the complaint is denominated a cause of action to rescind for fraudulent misrepresentations touching the state of repair and mechanical condition of the car and specifying in detail these defects; alleging also a return of the car to the seller. Count two is for the same relief upon mutual consent of the parties. The answer is a denial of the fraud charged and contains also a specific denial of all general and special allegations touching the poor state of repair and imperfect mechanical condition of the car.

From the findings it may be stated that the fraud was negatived and the rescission by mutual consent sustained. The appellant asserts a dearth of evidence to support mutual rescission. The question is debatable, but in our view of the situation it becomes unimportant. The judgment is supported by the pleadings, by the findings and by the evidence upon the basis of a rescission for partial failure of consideration under subdivision 2, section 1689 of the Civil Code. (See, also, *Richter* v. *Union Land etc. Co.*, 129 Cal. 367 [62 Pac. 39]; *Sterling* v. *Gregory*, 149 Cal. 117 [85 Pac. 305]; *Campbell* v. *Kennedy*, 177 Cal. 430, 433 [170 Pac. 1107]; *Blahnick* v. *Small Farms Imp. Co.*, 181 Cal. 379 [184 Pac. 661].)

The complaint pleads the warranty of good repair and condition and the findings follow it. The written contract introduced in evidence provided for it as follows: "It is agreed that said automobile is now in good repair and con-

dition, and that this instrument contains the entire agreement between the parties.'' The complaint also specifies in detail, as above stated, the defects. The answer puts in issue their existence. Evidence was introduced by both parties on the issue and the court found the allegations of the complaint were correct and specified in detail the defects and lack of repair of said car. The evidence amply supports the findings and this fact could not be seriously controverted.

Defendant has therefore had a full day in court upon every issue involved in the cause of action for a rescission for partial failure of consideration, which we hold to be included within the allegations of the cause of action denominated an action for fraud. Of course, we are not meaning to state that in every action for rescission of a sale for fraud such cause of action may be found, but what we are intending to state is that in this particular case a cause of action for partial failure of consideration is found.

Judgment affirmed.

Curtis, J., Richards, J., Shenk, J., and Seawell, J., concurred.