[Sac. No. 741.   Department One. — July 24, 1901.]

## CROCKER-WOOLWORTH NATIONAL BANK OF SAN FRANCISCO, Appellant, v. MALISSA S. CARLE, Executrix, etc., of Silas Carle, Deceased, Respondent.

Estates of Deceased Persons — Claim — Promissory Note not Matured — Affidavit. — Under section 1494 of the Code of Civil Procedure, a claim against the estate of a decedent, based upon a promissory note which has not matured at the time the claim is presented, is sufficient, if in the usual form, containing a copy of the note, followed by the affidavit required by that section. No other particulars of the claim need be stated, notwithstanding the time of payment of the note was, by its terms, fixed as of the date of the completion of another contract.

Id. — Statement that Claim is "Due." — A statement, in the affidavit to such claim, that the same was "due" is not false, and does not vitiate the claim. The word "due," as used in such connection, should be taken in its primary sense, as meaning, simply, "owing."

Id. — Action by Assignee — Allegation of Corporate Existence of Assignor. — In a complaint by an assignee of a promissory note made payable to the "Rae Building and Contracting Co.," it is not necessary to allege whether the payee was a corporation, or a copartnership, or otherwise; but, were it otherwise, the fact that the note, which was attached to the complaint as a part of it, was written on a bill-head of the payee, where the concern was expressly referred to as "incorporated," sufficiently shows its incorporation.

APPEAL from a judgment of the Superior Court of Sacramento County.   Joseph W. Hughes, Judge.

The facts are stated in the opinion.

Charles M. Beckwith, for Appellant.

Holl & Dunn, for Respondent.

SMITH, C. — The plaintiff sued, as assignee, to recover the amount due on a promissory note, of date August 5, 1897, made by Silas Carle, the defendant's testator, to the "Rae Building and Contracting Co." for the sum of one thousand dollars, "said amount to be paid on or before the completion of a certain contract entered into in the month of September, 1896, by and between [the maker] and the board of regents of

the University of California," etc., and assigned to the plaintiff. The complaint, besides the other necessary allegations, alleges the death of the maker on or about September 20, 1897, the presentation of the claim to the executrix, May 13, 1898, and its rejection; but it is further alleged that the contract referred to in the note was completed on or about September 8, 1898, — i. e., subsequent to the presentation of the claim. Judgment was rendered for the defendant on demurrer.

The principal objection made to the complaint is, that, the note was not due when presented, and that the claim does not conform to the provisions of section 1494 of the Code of Civil Procedure, which requires that "if the claim be not due when presented, or be contingent, the particulars of such claim must be stated." The claim — of which a copy is attached to the complaint — is in the usual form, containing a copy of the note, followed by the affidavit required by the provisions of the section cited. This, we think, was a substantial compliance with the law, and that "the particulars of the claim are sufficiently stated." (*Landis* v. *Woodman,* 126 Cal. 454.) As said in the case cited, "A promissory note past due requires no statement of particulars, other than that found upon its face; yet there is no good reason why the law should make any different rules in the two cases," — i. e., in the cases of notes before and after maturity.

It is, however, claimed by the counsel for respondent that the case at bar is to be distinguished from the case cited in the following particulars: 1. The promise to pay, it is claimed, is, in this case, contingent on the completion of the contract referred to in the note; or 2. If not contingent, the date of payment is uncertain; and 3. The affidavit that the claim was due was false. But we do not think that any of these objections can be sustained. The promise to pay was not contingent, but was absolute. The completion of the contract was referred to merely as fixing the time. (1 Daniel on Negotiable Instruments, secs. 44, 88; *Cota* v. *Buck,* 7 Met. 588.[1]) The note involved in *Chandler* v. *Carey,* 64 Mich. 237,[2] cited by respondent's counsel, was altogether different. The other cases cited have no application, except *Cota* v. *Buck,* 7 Met. 588.[1] It is immaterial that the time of payment was not a fixed date. It was a matter more peculiarly within the knowledge of the

[1] 41 Am. Dec. 464.     [2] 8 Am. St. Rep. 814.

executrix than of the plaintiff. Finally, the affidavit was not false in saying the claim was " due." The word was evidently used in its primary and proper sense, as meaning, simply, *owing.* (Century Dictionary, word " Due," par. 6; Bouvier's Law Dictionary, same word.) The word is also sometimes used in the sense of *payable;* but this is a secondary sense. In section 1494 of the Code of Civil Procedure, it is used in both senses; viz., in the clause, " if the claim be not due when presented," etc., and in the clause, " every claim which is due," etc., where the term is used in the sense of *payable;* and in the clause, " justly due," required in the affidavit, where it is used in the sense of *owing.* Otherwise no affidavit would be required in the case of claims presented before maturity.

An objection is also made to the complaint, that it is not alleged that the payee of the note was a corporation, or a copartnership, or a mere nonentity. Such an allegation was quite unnecessary; but, were it otherwise, the note — which is attached to the complaint as part of it — was written on a billhead of the payee, where the concern named in the note is expressly referred to as " incorporated." Evidence of the fact is therefore furnished by the writing itself, signed by the maker.

I advise that the judgment be reversed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed. Van Dyke, J., Garoutte, J., Harrison, J.