[L. A. No. 3793.  Department Two.—November 23, 1916.]

BROOKINGS LUMBER AND BOX COMPANY (a Corporation), Appellant, v. MANUFACTURERS' AUTOMATIC SPRINKLER COMPANY (a Corporation), et al., Respondents.

CONTRACT — INSTALLATION OF FIRE-EXTINGUISHING APPARATUS — TIME OF PERFORMANCE—VERBAL AGREEMENT VARYING TERMS OF WRITTEN CONTRACT.—A written contract for the installation of an automatic fire-extinguishing apparatus in a factory, which specifies no time for the completion of the work, is to be performed within a reasonable time; and where the contract, by distinct and unequivocal language, prohibits any change or modification of its terms unless the same is indorsed in writing upon it by the president of the contractor, an agent of the contractor is without power by verbal agreement to vary the terms of the contract so as to provide for a shorter time for performance.

ID.—WAIVER OF AGREEMENT AS TO TIME OF PERFORMANCE.—Such oral agreement is waived by the owner by his permitting the work to be started after the written contract was signed and several weeks after it should have been completed if the oral promise had been kept, and by subsequently paying an installment of the contract price.

ID.—REASONABLENESS OF DELAY—FINDING—APPEAL.—Whether certain delays incident to the doing of the work were reasonable or not was a matter peculiarly for the trial court to determine, and its

findings that they were reasonable, based on conflicting testimony, will not be disturbed on appeal.

ID.—DESTRUCTION OF BUILDING BY FIRE—PROXIMATE CAUSE.—The incomplete condition of the fire-extinguishing plant at the time of the destruction of the building by fire is not the proximate cause of the loss to the owner of the building.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Eugene C. Campbell, for Appellant.

Herbert H. Chase, for Respondents.

MELVIN, J.—We will treat this as an appeal from the judgment and from an order denying plaintiff's motion for a new trial, although respondents contend that no efficient appeal was made from the order, owing to the failure of plaintiff to serve them with proper notice.

Plaintiff entered into a written contract on July 7, 1910, with the Manufacturers' Automatic Sprinkler Company, whereby the latter agreed for a certain consideration to install in the former's box factory an improved "wet-pipe" system of automatic sprinklers and fire-extinguishing apparatus. On September 22, 1910, and while the sprinkler company was putting in the pipes for the installation of said system, a fire broke out in the box factory and destroyed it. The plaintiff corporation sued for fifteen thousand dollars damages alleging that when the fire occurred the work was being done in a dilatory manner; that the manufacturers' company had agreed to install the system within three weeks following July 10, 1910; and that if this promise had been kept, or if within a reasonable time the work had been completed, the fire would have been extinguished and plaintiff's loss prevented. The Automatic Sprinkler Company of America is sued as the successor to the obligations of the other corporation defendant. By a second count the latter company is sued for five hundred dollars money had and received from plaintiff on the twenty-ninth day of September, 1910.

After trial the court made findings substantially support-

ing defendant's contentions, namely, that the contract had been made as alleged; that the Manufacturers' Automatic Sprinkler Company had not agreed that the apparatus should be installed within three weeks from July 7, 1910; that the said corporation had not represented or warranted that its system when installed would extinguish all the fires which might originate in plaintiff's premises; that the Manufacturers' Automatic Sprinkler Company had performed its contract until prevented by the fire from doing further work; that on September 22, 1910, when the fire occurred, plaintiff had not performed its part of the work, namely, the putting in of the underground supply pipes; and that had the apparatus been installed the fire could not have been extinguished. It was further found that plaintiff had a verbal agreement with an agent of the Manufacturers' Automatic Sprinkler Company that the apparatus would be installed within three weeks following July 17, 1910, but said agreement was not binding because the agent was not authorized to make it.  A waiver of the alleged oral agreement was found, and likewise a waiver of any breach of the contract by reason of delay in the performance thereof.  The court also found that by its implied terms the written agreement was to be performed within a reasonable time, and that at the time of the discontinuance of the work a reasonable time for completing the installation had not elapsed.  There were additional findings that any delay in the execution of the work was not a proximate cause of the loss by fire of plaintiff's buildings.  Regarding the payment of five hundred dollars, it was found that this sum was a first installment on the contract, being money due under the terms thereof, and that plaintiff had waived any claim to said sum.

All of these findings are substantially supported by the testimony, and we discover no material error in the record to plaintiff's prejudice.

Plaintiff's counsel lay great stress upon the verbal promise made by Barney, the agent for the other contracting corporation, that the installation of the sprinkler should be within three weeks, but it is evident that no dependence was placed on this promise by plaintiff's officer, Mr. Brookings, who conducted the negotiations.  It is true that he testified that this agreement as to the time of installation was the controlling feature of the contract, yet he did not cause it to be put into

that writing. The contract itself did not specify any particular time within which the work was to be done, and the court correctly found that therefore a reasonable time was implied. (17 Cyc. 716; *Peterson* v. *Chaix*, 5 Cal. App. 525–527, [90 Pac. 948] ; *Standard Box Co.* v. *Mutual Biscuit Co.*, 10 Cal. App. 746–750, [103 Pac. 938].) By its distinct and unequivocal language any change or modification of the terms of the contract was prohibited unless *indorsed in writing* upon it by the president of the Manufacturers' Automatic Sprinkler Company. This was ample notice that the agent was not empowered to vary the writing verbally. (*Belden* v. *Union Central Life Ins. Co.*, 167 Cal. 740, [141 Pac. 370].) Moreover, the plaintiff unqualifiedly waived the oral agreement by permitting the work to be started five or six weeks after the written contract was signed, and two or three weeks after it should have been completed if the oral promise had been kept. On September 15, 1910, a check for five hundred dollars, the first installment on the written agreement, was sent by plaintiff to the Automatic Sprinkler Company of America. In the face of these facts it is clear that the proximate cause of the loss to plaintiff was not the failure to install the fire-extinguishing apparatus within three weeks from the date of the verbal contract, and it is equally clear that the plaintiff waived any rights it may have acquired under the oral agreement.

It is not necessary to analyze in detail the testimony upon the subject of the reasonable amount of time necessary to complete the work. There was testimony to the effect that the contract, under the rules of the manufacturing corporation, had to be sent to New York state for approval before the representatives of the contractor in this state could act upon it. So, also, there was testimony that the materials were only obtainable in Syracuse, New York, and that their shipment to Highland in this state, where the work of installation was to be done, consumed thirty-five days or more. The peculiar appliances necessary to complete the work were received by that defendant then busy installing the apparatus only on September 22d. Whether these delays were reasonable or not was a matter peculiarly for the superior court to determine and we will not disturb the findings of that tribunal based, as they were, upon conflicting testimony.

There was a sharp conflict of testimony with reference to the proportion of the work completed at the time of the fire. One of the witnesses, Mr. Goodrich, testified that he had worked in the placing of the fire-extinguishing apparatus in the box factory. By the terms of the writing, appellant was to put in the pipes for the underground supply, and Mr. Goodrich said that if no fire had occurred, and the "underground" had been put in, it would have taken him and the helper two days to complete the contract. It would have taken two days according to testimony on behalf of appellant to conduct the water into the building and to connect it with the fire-extinguishing system, therefore, if the court accepted Mr. Goodrich's statement as true, appellant was quite as much in default as was the contractor, and as the court justly found, if the apparatus had been installed on September 22, 1910, the fire could not have been extinguished because there would have been no water supply for the operation of the sprinklers.

Appellant's contention that the failure to complete the construction of the fire-extinguishing machinery was the proximate cause of the destruction of the building by fire has no force. In this state the law is definitely settled adversely to the views expressed in the briefs filed by appellant's counsel. In *Hunt Brothers Co.* v. *San Lorenzo Water Co.*, 150 Cal. 51, [7 L. R. A. (N. S.) 913, 87 Pac. 1093], the suit was for damages because of loss by fire against a corporation that had promised to furnish certain appliances for protection against fire but had failed to keep its agreement. It was held in that case that where the contract had been executed to the extent of installing and commencing the contemplated service, and where both parties were acting thereunder, the one being bound for a consideration to furnish water and the other depending upon such service for the extinguishment of fires, only then could the breach of the agreement to supply water be the basis for damages because of loss by fire. The proximate cause of the loss to plaintiff was the fire, not the incomplete condition of the fire-extinguishing plant. In *Schaeffer Piano Mfg. Co.* v. *National Fire Extinguisher Co.*, 148 Fed. 159, [78 C. C. A. 293], the fire-extinguisher company had entered into an agreement very similar to the one here under review. In that contract, as in this, was a stipulation that in case of destruction of the building by fire before completion of the equipment, the piano company would be liable

for the value of the materials destroyed and labor furnished up to the time of the fire. There was a conflagration which destroyed the partially completed fire-extinguishing apparatus, and the court held not only that the National company could recover for such loss, but that the piano company might not set off as against its contractor's claim, damages on account of the latter's failure to complete the contract within a reasonable time. The court declared in that case the familiar rule that damages under any contract are limited to those which may be fairly considered as arising from the breach of the agreement itself or which both parties must have contemplated, when making the contract, as likely to flow from a breach.

At the trial plaintiff endeavored to prove that the check for five hundred dollars was sent by mistake, and there was some showing of an attempt to stop payment on it after the fire. But by its own statement of account the plaintiff had later fixed this item as a payment on the contract. This was a ratification of the payment on account in any view of the case, and the court's finding that the money was not sent by mistake therefore finds ample support. It was alleged in the answer that this sum was applied as a credit against plaintiff's obligation to pay for materials destroyed by the fire and for work performed up to that time. While there was no definite proof that the materials and labor furnished by the sprinkler companies amounted to more than five hundred dollars, there was testimony that they amounted to approximately that sum. We think the court was justified in holding that plaintiff by not demanding an accounting had waived any recovery of the five hundred dollars paid under the contract.

There are several alleged errors in admitting and excluding testimony which appellant specifies. We have examined them and find no substantial merit in any of the contentions regarding them.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.