[Civ. No. 2746. First Appellate District, Division Two.—June 16, 1919.]

## FRANCES E. NORTON, Appellant, v. ESTATE OF G. N. NORTON, Deceased, Respondent.

[1] Estates of Deceased Persons—Claim of Administratrix—Rejection by Judge—Action by Claimant—Parties—Judgment.—Where a claim presented against an estate by the administratrix is rejected by the judge, an action may be brought thereon by her against the estate, the summons to be served on the judge, who may appoint an attorney, at the expense of the

estate, to defend the action. A judgment rendered for the plaintiff in such a case is not personal, but merely establishes the claim against the estate.

[2] Id.—Agreement to Pay Wife Monthly Out of Estate—Consideration—Performance of Condition — Provable Claim.—Where the decedent, in his lifetime, agreed with such administratrix, who had recovered an interlocutory decree of divorce against him, that if she would return to him and live with him as his wife until his death, he would cause to be paid to her, by the personal representatives of his estate, a stated sum per year during her natural life, payable in given monthly installments, and she, in reliance thereupon, did live with him as his wife until his death, and had her interlocutory decree of divorce set aside, the condition of the agreement was performed by her, and the debt became due, and was provable as a claim.

[3] Id.—Form of Contract—Testamentary Character—Presentation for Probate—Election.—The presentation for probate by the beneficiary of the instrument signed by the decedent evidencing such agreement, which was declared by him "intended to be not only a contract but also an irrevocable olographic will . . . to the extent of the provisions thereof" constituted neither election nor estoppel thereafter to make her election to rest on her contractual rights. While a writing may be both a will and a contract, and a suit may be maintained upon it without regard to its testamentary character, it is the duty of the custodian of such instrument to present it for probate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge.    Reversed.

The facts are stated in the opinion of the court.

Peirce Coombes for Appellant.

W. W. Allen and J. W. Henderson for Respondent.

BRITTAIN, J.—Frances E. Norton, the surviving widow of G. N. Norton, appeals from a judgment entered upon an order sustaining a demurrer to her complaint in a suit against the estate of G. N. Norton, upon a claim rejected by the judge sitting in probate.

The essential allegations of the complaint are summarized as follows: On July 4, 1915, leaving an estate in excess of ten thousand dollars, G. N. Norton died testate and indebted to the plaintiff in the sum of one thousand dollars

per year, in monthly installments of $83.33, commencing July 4, 1915, under a contract set forth as an exhibit to the claim, which by proper reference is made part of the complaint. July 21, 1915, the plaintiff was appointed and qualified as special administratrix of the estate, and served as such until September 17, 1915, when she was appointed, and since which time she was and continued to be at the time of filing suit, the administratrix of the estate with the will annexed. On March 16, 1916, within the time required by and in accordance with sections 1493, 1494, and 1510 of the Code of Civil Procedure, the plaintiff filed her verified claim with the clerk of the court in which the probate proceedings on the estate were pending. No payments were made on the claim, allowance of which was opposed by the children of the decedent, and the claim was rejected. In the claim appended to the complaint it was averred that the contract on which the claim is based was written and signed by Norton in December, 1911, and thereupon delivered to the claimant; that it was executed because the claimant had obtained, after the appearance of her husband, and trial, an interlocutory decree of divorce against him, for cruelty, and he desired a reconciliation, and to induce her thereafter to live with him as his wife until his death, and in reliance upon the writing she did live with him as his wife until his death, and had her interlocutory decree of divorce set aside; that the writing was in her possession until December 30, 1912, when at Norton's request she gave it to him for the purpose of rewriting it; that he did rewrite it, after which he destroyed the original; that the rewritten document was continuously thereafter in her possession until it was filed by her as the will of the decedent; and that it has been admitted to probate as a will, and as such is on file in the office of the clerk of the court in which probate proceedings on the estate are pending. The document is in the words and figures following:

"This instrument made and dated at San Francisco, California, on the thirtieth day of December in the year of our Lord one thousand nine hundred and twelve by me the undersigned is intended to be not only a contract but also an irrevocable olographic will (the same being an instrument that is entirely written, dated and signed by the hand of myself) to the extent of the provisions thereof, it being

my purpose by virtue of the provisions of this instrument to secure to my wife, Frances E. Norton, the payments hereinafter specified out of my estate for and during her natural life if she shall continue to be my wife and be living with me as such at the time of my death. Making reference to the foregoing I hereby promise, agree, undertake and guarantee that after my decease my personal representatives shall and will pay out of my estate to my wife, Frances E. Norton, for and during her natural life the sum of one thousand dollars ($1000.00) per year in monthly installments of eighty three dollars and thirty three cents ($83.33) each if she shall continue to be my wife and be living with me as such at the time of my death, but not otherwise. I hereby expressly provide that upon my death all of my estate of every name, nature, character and description and wheresoever situated shall stand charged for the payments aforesaid if my said wife shall then be entitled to such payments according to the provisions aforesaid.

"In witness whereof I have written, dated and signed the foregoing by my own hand as above stated.

"G. N. NORTON."

Since the demurrer was sustained without leave to amend, the grounds of ambiguity and uncertainty may be disregarded. The other three grounds of demurrer were that the court had no jurisdiction of the subject matter of the action, that there was a defect of the party defendant, and that facts sufficient to constitute a cause of action were not stated.

In the brief on behalf of the respondent the demurrer is sought to be sustained. No consideration can be given to statements of fact not shown by the complaint, but made in the brief. They may be pertinent, if proved, on a trial of the case, but upon the demurrer ruling the court is confined to the facts stated in the complaint.

[1] In regard to the claimed defect of parties, it is said: "There is no entity or being in the defendant and respondent submits that the court could not render a judgment against respondent." The statute provides that if the administrator is a creditor of the decedent, his authenticated claim shall be filed with the clerk, who is required to present it to the judge, and if it is rejected, "action thereon may be had against the estate by the claimant, and sum-

mons must be served upon the judge, who may appoint an attorney, at the expense of the estate, to defend the action.'' (Code Civ. Proc., sec. 1510.) A judgment rendered for the plaintiff in such a case is not personal, but merely establishes the claim against the estate. (*Estate of More,* 121 Cal. 635, [54 Pac. 148].)

The question of jurisdiction of the subject matter and the sufficiency of the statement of facts appear to be merged in the respondent's brief. [2] Reliance is placed on the application of sections of the old Practice Act to a claim upon a mortgage lien, in a case where it was held that the word "claims," as used in the act, referred only to such debts as might have been enforced against the decedent in his lifetime by a personal action for the recovery of money. (*Fallon* v. *Butler,* 21 Cal. 32, [81 Am. Dec. 140].) The present statute provides for claims not due or contingent. (Code Civ. Proc., secs. 1493, 1494; *Verdier* v. *Roach,* 96 Cal. 471, [31 Pac. 554]; *Crocker-Woolworth Nat. Bank* v. *Carle,* 133 Cal. 409, [65 Pac. 951].) The debt was contingent upon the performance of the condition to live with the decedent as his wife until his death. (Civ. Code, sec. 1439.) Upon the death, if the condition was performed by the plaintiff, the debt became due, and was provable as a claim.

[3] The only other matter relied on by respondent is that the instrument on which the claim is based is a will and not a contract. Cases are cited in support of the rule "that where an instrument does not operate *inter vivos,* but is made to depend for its whole operation upon the event of the death of the maker to consummate it, then it can only take effect as testamentary." (*Carey* v. *Dennis,* 13 Md. 1.) The instrument under consideration here did operate *inter vivos.* In reliance upon it the plaintiff caused her interlocutory decree of divorce to be set aside and resumed marital relations with her husband, faithfully performing on her part all the obligations of the contract, and she seeks in this action to establish her right to receive the consideration for her performance. Such a contract is one favored by the law. (*Bowden* v. *Bowden,* 175 Cal. 711, [L. R. A. 1918A, 380, 167 Pac. 154].) The instrument was admitted to probate as a will. The decedent in the writing declared it was "intended to be not only a contract but also an

irrevocable olographic will . . . to the extent of the pro-
visions thereof.'' A writing may be both a will and a con-
tract. For the purpose of the present appeal it is imma-
terial whether it is operative for testamentary purposes
or not. It is executed with all the formalities required in
the execution of a contract, and suit may be maintained
upon it without regard to its testamentary character.
(*Adams* v. *Lansing*, 17 Cal. 640.) No question of election
is presented by the demurrer, nor could it be determined
on this appeal. As the custodian of the instrument, it was
the duty of the plaintiff to present it for probate. (Code
Civ. Proc., sec. 1298.) She could not attack the validity
of the instrument on which she relied. Under such circum-
stances there is neither election nor estoppel thereafter to
make her election to rest on her contractual rights. (*In re
Gwin*, 77 Cal. 313, [19 Pac. 527].) In reaching the con-
clusion that the demurrer should have been overruled, the
facts stated in the complaint are necessarily taken as true,
and the law is declared upon that assumption. Nothing in
this opinion is intended to determine any matter of fact
upon which evidence may be adduced upon proper issues
being framed in the trial court.

The judgment is reversed, with directions to the trial
court to enter an order overruling the demurrer to the com-
plaint, and for such further proceedings as are not incon-
sistent herewith.

Langdon, P. J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on August 14, 1919.

All the Justices concurred, except Wilbur, J., who was
absent.