[Civ. No. 4853. Second Appellate District, Division One.—May 18, 1927.]

## JOHN F. BROWN, Respondent, v. STACY C. LAMB et al., Appellants.

[1] CONTRACTS — AGREEMENT TO CONVEY INTEREST IN LEASE OR RETURN SPECIFIED SUM — PERFORMANCE — TIME.—Where a plaintiff advanced to defendants the sum of one thousand dollars, and in consideration therefor defendants agreed in writing to give to plaintiff a one twenty-fifth interest in a certain lease, or to return to plaintiff the total sum of two thousand dollars, either of which obligations was to be performed on or before a specified date, the time of performance or time to convey must have passed, at the latest, at the date when performance of the alternative agreement became due, and after this period, in any event, plaintiff had the right to sue upon said alternative obligation to pay.

[2] ID.—ALTERNATIVE OBLIGATION TO PAY IN MONEY OR PROPERTY—DAMAGES. — Where the obligation is in the alternative, that is, to pay in money or in property, the sum stipulated rather than the market value of the commodity has been considered the true measure of damages.

[3] ID. — ACTION ON AGREEMENT — DAMAGES—JUDGMENTS.—In an action on such agreement to recover the two thousand dollars as damages by reason of the defendant's failure to perform the

---

1. See 6 Cal. Jur. 346, 398; 1 R. C. L. 337.
2. See 8 R. C. L. 572.

terms of said agreement, the trial court could have figured the damages in the amount allowed, whether measured under section 3300 or 3302 of the Civil Code.

(1) 13 C. J., p. 683, n. 1, p. 699, n. 40.    (2) 17 C. J., p. 865, n. 21. (3) 39 Cyc., p. 944, n. 64.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliott Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Davis & Thorne for Appellants.

Courtney A. Teel for Respondent.

YORK, J.—The facts involved in this appeal are as follows: On the eighteenth day of January, 1921, plaintiff advanced to the defendants the sum of $1,000, and as evidence of said advancement, and in consideration therefor defendants agreed in writing to give to said plaintiff a one twenty-fifth interest in a certain lease, or return to said plaintiff the total sum of $2,000, either of which obligations were to be performed on or before October 1, 1921. That neither of these obligations have been performed by defendants.

The contract is as follows:

"Los Angeles, Calif., January 18th, 1921.

"In consideration of one thousand dollars ($1,000.00) to us in hand paid, we hereby agree to give to John F. Brown, one twenty-fifth (1/25) interest in lease from P. B. Lehigh for working lime deposits of the Sheepshead Lime Co. in San Bernardino County, Calif., or to return to said John F. Brown, the sum of two thousand dollars ($2,000.00) cash, on or before October 1st, 1921.

"LEE KOEINGHEIM,
"STACY C. LAMB."

The complaint asked for what it designates as damages in the sum of $2,000 by reason of the defendants' failure to perform the terms of the contract and agreement. The answer admits that the plaintiff "advanced" the sum of $1,000 to defendants, and admits the execution of the contract, but denies that plaintiff has been damaged in any amount or at

all. The answer does not allege any prior tender of a one twenty-fifth interest in the lease held by defendants, but defendants in their answer tender a one twenty-fifth interest in a later lease, which they claim is on the same property, and set forth an affirmative defense wherein they allege that the demand of plaintiff for the payment of $2,000 is in violation of the usury act. They admit the cancellation of the lease mentioned in the contract. If no time was set in the contract for the exact date of performance, the contract, of course, would have to be performed within a reasonable time. (*Brookings L. & B. Co.* v. *Manufacturers' Co.,* 173 Cal. 679 [161 Pac. 266].) [1] The time of performance or time to convey must have passed, at the latest, at the date when performance of the alternative agreement became due. After this period, in any event, plaintiff had the right to sue upon said alternative obligation to pay. (*Beckwith* v. *Sheldon,* 168 Cal. 742, 745 [Ann. Cas. 1916A, 963, 145 Pac. 97] and cases cited.)

Civil Code of California, section 1449: "If the party having the right of selection between alternative acts does not give notice of his selection to the other party within the time, if any, fixed by the obligation for that purpose, or, if none is so fixed, before the time at which the obligation ought to be performed, the right of selection passes to the other party."

[2] "Where the obligation is in the alternative, that is, to pay in money or in property, the sum stipulated rather than the market value of the commodity has been considered the true measure of damages." (13 Cyc., p. 168, par. 11.)

[3] Therefore, in the case at bar, the court could have figured the damages in the amount allowed whether measured under section 3300 or 3302 of the Civil Code of California. The plaintiff having advanced the sum of $1,000 on a contract of that kind, he therefore, by the very terms of the contract, put the whole sum thereof in hazard, for the reason that the contract could have been satisfied in full at any time before the 1st of October, 1921, by delivering to the plaintiff a one twenty-fifth interest in a lease from P. B. Lehigh for working lime deposits of the Sheepshead Lime Company, in San Bernardino County, California, the value of which interest in said lease, "from the nature of the case, it would be impracticable or extremely difficult" to

determine. (Civ. Code, sec. 1671.) If its value was over $2,000, the plaintiff might receive $2,000 only. If under $2,000, or if in fact of no value at all, he would have to be content with a one twenty-fifth interest in said lease. The trial court from the evidence could have and probably did consider that the $2,000 agreed to be paid was in the nature of a price set for the surrender of an investment.

Therefore, the judgment of the trial court is affirmed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.