[Civ. No. 6848. Third Dist. Feb. 10, 1943.]

THE PEOPLE, Respondent, v. REX W. BUCKLES et al., Defendants; MIDLAND CHEVROLET CO. (a Corporation), Appellant.

Philip S. Ehrlich, Albert A. Axelrod and Julien R. Bauer for Appellant.

Earl Warren, Attorney General, H. H. Linney, Assistant Attorney General, and Adrian A. Kragen, Deputy Attorney General, for Respondent.

SCHOTTKY, J. pro tem.—Respondent State of California commenced an action against defendants Rex W. Buckles and Elizabeth Lucille Buckles and defendant and appellant Midland Chevrolet Company to recover sales taxes. Defendants Buckles defaulted and judgment was entered against them. Appellant Midland Chevrolet Co. contested the action and after trial upon an agreed statement of facts, a judgment was entered against appellant and this appeal is from said judgment.

Defendants Buckles were engaged in the business of conducting a Chevrolet automobile agency at Woodland, California, under the name of Buckles Chevrolet Company, for several years prior to May 11, 1937, when said defendants entered into an agreement with appellant for the sale to appellant of said business and the equipment, fixtures, furniture, supplies and other assets listed in an inventory prepared by the parties. Notice of intended sale, to be consummated on May 18, 1937, was recorded on May 11, 1937, and the State Board of Equalization had actual notice of such intended sale prior to May 18, 1937. On July 16, 1937, defendants Buckles filed their sales tax return for the final quarter of the operation of their business and paid to the State Board of Equalization $406.93 as the amount of sales tax disclosed by that return, which sum had been withheld by appellant from the purchase price of said business. The Board of Equalization was not satisfied with the returns filed by defendants Buckles, and on June 14, 1937, commenced an audit of the books of said defendants Buckles, and, as a result of said audit, said board on June 30, 1937, made an additional assessment against said defendants Buckles in the sum of $1,996.17, together with interest in the sum of $139.03, and mailed notice thereof to defendants Buckles at the address of said business. On July 17, 1937, defendants Buckles filed a petition for re-assessment of such additional taxes and interest and on January 23, 1939, said board re-assessed said additional taxes and interest at the sum of $2,440.53 and mailed notice of such re-assessment to defendants Buckles on February 3, 1939. On July 23, 1938, the board made a further additional assessment against said defendants Buckles for the quarter ending June 30, 1937, in the sum of $96.16 and mailed notice thereof to said defendants. The defendants Buckles failed to pay said taxes and a penalty of 10 per cent, amounting to $217.88, was imposed by the board in accordance with section 20 of the Sales Tax Act. On April 30, 1940, respondent commenced an action against defendants Buckles and appellant to recover the amount of said taxes, penalty and interest.

Section 26 of the Retail Sales Tax Act provided at the time herein involved (Stats. 1935, p. 1263; Deering's Gen. Laws of 1935, Act 8493) in the portion pertinent herein as follows:

"If any retailer liable for any tax, interest or penalty levied hereunder shall sell out his business or stock of goods

or shall quit the business, he shall make a final return and payment within fifteen days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest or penalties due and unpaid until such time as the former owner shall produce a receipt from the board showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.''

■ The principal contention urged by appellant for a reversal of the judgment is that ''appellant, having withheld the defendants Buckles' last quarter sales tax from the purchase price of said defendants' business, Section 26 of the Retail Sales Tax Act imposed no liability upon appellant for sales tax subsequently assessed against the defendants Buckles by additional assessments, as such assessments were neither 'due' nor 'due and unpaid' as of May 18, 1937, the date the sale of the business was consummated.'' Appellant makes no contention that the amount for which judgment was rendered was not actually due from the defendants Buckles for said taxes, interest and penalties, but appellant contends that they were not ''due and unpaid'' on May 18, 1937, the date on which the sale of the business was consummated.

We are unable to agree with this contention of appellant. The Retail Sales Tax Act (which will be referred to hereinafter as the act) in section 3 imposes a tax upon retailers of 3 per cent of the gross receipts of certain tangible personal property and provides that such tax shall be paid at the time and in the manner ''hereinafter provided.'' Section 9 provides that the tax shall be a direct obligation of the retailer and requires the retailer to file his return on or before the 15th day following the close of the taxable period. Section 17 provides for an additional assessment if the board is not satisfied that the retailer's return is sufficient. Section 20 provides that the retailer may petition for a re-assessment within thirty days; that the decision of the board upon a petition for re-assessment shall become final thirty days after service upon the retailer of notice thereof; and that all such assessments made by the board ''shall become due and

payable'' at the time they become final. Section 30 provides that at any time within three years after the delinquency of any tax, the board may bring an action to collect the amount delinquent with interest and penalties.

There can be no doubt that, under the act, upon the making of every taxable sale there was created ''a direct obligation of the retailer'' to pay to the State of California 3 per cent of the amount thereof, said payment to be made as provided in the act. If a retailer withholds any portion of said sales tax, it remains ''unpaid,'' and in the primary sense of the word ''due,'' as it is used in section 26 of the act, it remains due to the state until it is paid. In *Crocker-Woolworth National Bank* v. *Carle,* 133 Cal. 409 [65 P. 951], at page 411, the court said:

''Finally, the affidavit was not false in saying the claim was 'due.' The word was evidently used in its primary and proper sense, as meaning, simply, *owing.* (Century Dictionary, word 'Due,' par. 6; Bouvier's Law Dictionary, same word.) The word is also sometimes used in the sense of *payable;* but this is a secondary sense.''

In *Gelgud* v. *Los Angeles Rock etc. Co.,* 14 Cal.App.2d 604 [58 P.2d 673], it is said at page 608:

''The word 'due' has a double meaning. It does not always mean that the money is then immediately payable. It is sometimes so used but it is also used to refer to an existing obligation which may be payable at some future time. (*Ahlgren* v. *Walsh,* 173 Cal. 27 [158 P. 748, Ann.Cas. 1918E, 751]; *Joy* v. *Rousseau,* 72 Cal.App. 179 [236 P. 972].)'' See, also, *Berylwood Investment Co.* v. *Graham,* 43 Cal.App. 2d 659, 666 [111 P.2d 467].

It is quite clear to us that it was the intention of the Legislature in enacting said section 26, to prevent a retailer who has failed to pay the state all of the tax due under the act from selling his business and departing with the purchase price, by requiring that the purchaser, before paying over the purchase price, take the precaution of demanding either the receipt of the Board of Equalization that the tax has been paid in full or its certificate that no tax is due, and by imposing upon any purchaser who failed to protect himself and the state in this simple manner a statutory liability to pay the amount due to the state up to the amount of the purchase price.

The fallacy of appellant's entire argument upon this point

is that appellant assumes that the additional assessments provided for by sections 17 and 18 of the act create a new obligation or liability, whereas such so-called assessments are merely a determination by the board of the amounts that the retailer has failed to pay. Appellant asserts that the amount of such additional assessment is not due and unpaid until such assessment becomes final as provided in section 20. It is true that section 20 does provide that all such assessments "shall become due and payable" at the time they become final, but this does not justify a holding that such taxes were not "due and unpaid" when the sale of the business to appellant was consummated, because as a matter of plain fact they were taxes which the vendor had theretofore failed to pay but which he became obligated to pay under the act when the taxable sales were made.

Appellant cites *People* v. *Hochwender,* 20 Cal.2d 181 [124 P.2d 823], and its reliance on that case merely emphasizes the failure of appellant to realize the distinction between taxes "due and unpaid" and taxes "due and payable." In the Hochwender case the court states that "By section 20 assessments made under the provisions of section 17 become *due and payable* at the time of service of notice thereof." (Italics ours.) All of the language of the opinion cited by appellant has reference to that "due and payable" provision for the whole question before the court was the date on which the tax became delinquent. There is no language in the opinion which indicates or justifies any conclusion that the liability for retail sales taxes arises only on the last date on which payment could be made without penalty. Such a conclusion would have rendered completely ineffective section 26, and would not have been warranted under the issues involved in the Hochwender case.

Appellant argues further that because it withheld all the sales taxes shown by the records of the seller and of the Board of Equalization to be due from the seller at the date of the sale, it cannot be liable for the sales taxes subsequently assessed. Appellant states that the books of the board at the date of the sale showed no taxes due from the seller and that "consequently, there was no measure by which appellant could estimate what was a 'sufficient' portion of the purchase price to be withheld" and that "obviously, the law did not require appellant to speculate as to any future liability, for its clear intent only requires the purchaser to withhold

delinquent taxes.'' We believe that what we have heretofore said sufficiently answers this argument but deem it proper to observe that section 26 of the act provides a simple method by which a purchaser may protect himself. He can require the seller to produce a receipt from the board showing that all taxes have been paid or a certificate stating that no taxes, interest or penalties are due, before turning over any part of the purchase price. This requirement is both simple and salutary. If a purchaser chooses to rely upon the assurance of the seller that all taxes have been paid and pays over the entire purchase price without protecting the state or himself by demanding such receipt or certificate, he has no just cause to complain if it is thereafter determined by the board that the seller has failed to pay the sales tax due to the state and his statutory liability as purchaser is enforced.

Appellant raises the final point that an assessment of $96.16 tax and interest covers operations of the defendants Buckles, the sellers, after May 18, 1937, the date upon which the sale was consummated. The assessment in question refers only to the second quarter of 1937. It may be that such assessment included operations of defendants Buckles subsequent to May 18, 1937, but in the absence of anything in the record to show it, we must hold that this contention of appellant is without factual foundation and that the record supports the finding of the court upon this point.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.