[Civ. No. 2591. First Appellate District, Division One.—December 11, 1918.]

## ROY G. MITCHELL et al., Respondents, v. LOUIS T. SAMUELS, Appellant.

CONTRACT—MANAGEMENT OF HOTEL WITH OPTION TO PURCHASE—PROVISIONS NOT SEVERABLE — RESCISSION UPON BREACH.—A contract providing for the management of a hotel for a salary and a share of the profits with a one-year option to purchase a one-half interest therein, and also providing for a salary and a share of the profits for an additional year in the event of the failure to exercise the option, is not to be construed as providing for two distinct periods, but is an indivisible contract, and upon the performance of the first provision and a breach of the second, the right of rescission exists, and the innocent party is not confined to an action for damages.

ID.—RETURN OF SALARY UNNECESSARY.—Under such a contract the return of the salary is not essential to rescission.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman for Appellant.

Frank J. Murphy for Respondents.

STURTEVANT, J., *pro tem.*—This is an action for money had and received. The complaint consists of several alternative counts. In the first the facts constituting the cause of action are set out. The second and other counts are stated in the form of a suit for money had and received, and judgment is prayed for in the sum of $3,350, being the sum of two thousand five hundred dollars advanced at one time, and $850 at another, and for further minor sums laid out and expended. The amounts sued for were received by defendant under a contract the execution of which is admitted by the pleadings. The undisputed facts show that defendant was in the possession of the Hotel Minster, situated at the northeast corner of Mason and O'Farrell Streets in San Francisco, under a lease for the term of five years from November 1, 1913, and was the owner of the hotel business conducted therein, together with the furniture thereof. Plaintiffs agreed to manage the hotel for the defendant for a salary and a share of the profits, with an option to purchase a one-half interest therein for the sum of seven thousand dollars. The parties entered into a written contract covering their agreement which is somewhat lengthy, the substance of which, however, is as follows: After reciting the lease that the defendant had in the premises it provided that plaintiffs should advance to defendant all the money received by them from the sale of a certain piece of property owned by the plaintiff, Lena Mitchell, said money to be applied by defendant in the payment, from the date of its receipt, of the rent and operating expenses of said hotel to the extent of the sum received. No interest was to be paid by defendant on the amount so advanced, but provision was made for the repayment of the principal as hereinafter recited. The agreement also provided that the plaintiffs were to have the control and management of the hotel, but were not to make

any purchases of furniture or furnishings, or incur any obligations thereunder in excess of the existing charges without the consent of defendant. Plaintiffs agreed to use their best efforts and devote such of their time and attention as might be necessary for the proper discharge of their duties, and to conduct the said hotel in a first-class manner, and to accept as and for their joint compensation for the services so to be rendered by them the sum of $150 per month for a period of twelve months, unless they sooner exercised the privilege of the option of purchase. With reference to the repayment of the money advanced by plaintiffs, the agreement provided that it should be made out of the net profits, if any, derived from the conduct and operation of the hotel each month until the full amount should have been paid. In the event that the gross income from the hotel for any month was insufficient to pay the operating expenses, including the salary of plaintiffs, provision was made by which the defendant was to make up the deficiency on his personal account.

Relative to the option of purchase it was agreed that plaintiffs should have the right at any time within twelve months from the date of the agreement to purchase an undivided one-half interest in the hotel and lease for the sum of seven thousand dollars, it being further provided in this behalf that upon plaintiffs' exercise of the option they should be credited with any sum unpaid to them on the money they had advanced through the sale of the land as above mentioned.

The agreement further provided that until plaintiffs elected to exercise the privilege of the option granted that the relation of employer and employee should exist between the parties, and not that of partnership.

Further provision was made against the transfer or assignment by defendant of any interest in the property during the life of the agreement without the consent of the plaintiff. And, finally, the agreement provided that in the event that plaintiffs failed to exercise the privilege of the option within the time specified, they should still have the privilege of retaining the control and management of the hotel for a period of one year from the date of the expiration of the option at the monthly salary of $150, together with twenty per cent of the net profits, determined monthly, from the conduct and operation of the hotel.

After the execution of this agreement plaintiffs borrowed the sum of two thousand five hundred dollars on the real property referred to and paid the same to defendant. Later they sold the property for the sum of three thousand four hundred dollars, out of which sum they paid defendant $850, making a total of $3,350 paid by them. Plaintiffs never exercised their option of purchase, but they managed the hotel from March 3, 1914, the date of their agreement, to April 17, 1915, regularly receiving their salary of $150 per month. The business proved to be unprofitable, and defendant being desirous of ending his business relations with the plaintiffs, advised them by letter that he was losing money and did not wish to continue to do so; that he had an offer for the purchase of the hotel, and was willing to return to plaintiffs such sums of money as they had advanced if they would agree to cancel their agreement with him. This the plaintiffs refused to do, whereupon defendant attempted to oust them. Plaintiffs then sought but were refused an injunction preventing their removal, whereupon they treated the contract as being rescinded, and brought this action to recover the sum of $3,350, the amount paid by them upon the contract as above recited.

Judgment was had against defendant for the amount sued for, and this appeal is from such judgment.

As grounds for reversal appellant claims that neither under the contract nor pleadings is a right of action shown in favor of plaintiffs.

This claim is based upon the construction which appellant placed upon the contract. It is his contention that the contract provides two distinct periods, and contains separate and distinct provisions for each of such periods, the first being one for a salary and a year's option to purchase a one-half interest in the hotel, and the other a period during which plaintiffs were to receive $150 per month salary and twenty per cent of the net profits. Under this construction it is argued that the provisions relative to the first year were fully performed and ended when plaintiffs failed to exercise their option of purchase; and that even conceding there was a breach by defendant of the covenants of the contract relative to the second period under which the contract was to continue, it afforded no ground for a rescission of the first year's severable provision, or for a recovery of the money paid for the privilege

of purchase which plaintiffs failed to avail themselves of. Under this construction it is argued that plaintiffs' only remedy, if any they have, is an action for damages.

As a further and distinct defense it is claimed that as the contract provides that the sums received by defendant should be used by him in the payment of the rent and operating expenses of the hotel, and was to be repaid only out of the net profits, and there were none, the express condition under which the money was to become payable never came into existence, and therefore no action lies for its recovery.

We are of the opinion that these defenses are based upon an improper construction of the terms of the contract. Though loosely drawn, the agreement between the parties called for the performance of not one but several covenants, which were dependent upon each other, and supported by a single consideration. The sum paid by plaintiffs not only entitled them to the right of exercising the option of purchase, but it also conferred upon them additional privileges. Under the agreement they had the right to manage the hotel, and to receive a salary therefor, with the additional right of participation in the profits for the entire term, together with the privilege of having the sums so advanced by them repaid out of the net profits. The contract contains no express provision limiting the repayment of the sums advanced by plaintiffs to the net profits of the first year, nor is there any circumstance from which such an inference can be drawn. On the contrary, the parties having determined of what the net profits should consist, provided without limitation that such profits should be applied to the satisfaction of the money advanced until it was repaid in full. These different covenants, running as they do to the entire contract, show that the parties had in contemplation the execution of one indivisible contract, and negative the theory of appellant that the contract was divisible. To the claim of defendant that he has a right to retain the money for the reason that it was used for the purpose for which it was given, and was not to be returned except out of the profits, it is sufficient to say that defendant by his acts prevented plaintiffs from the enjoyment of the full term of their contract during which they might have recouped themselves. The suggestion of counsel for the respondents in this behalf that the contract was repudiated by defendant during the exposition year, when the hotel business was profitable, by reason of

which fact plaintiffs could have been repaid, requires no discussion.

Appellant's further contention that plaintiffs are not entitled to a rescission for the reason that there is no allegation, proof, or finding that they ever surrendered or offered to surrender the benefits they had received under the contract, is without merit.   The only benefit received by plaintiffs was their salary.   This they were entitled to in any event, and they were not required to return it (*Richards* v. *Fraser*, 122 Cal. 457, [55 Pac. 246].)

The conclusion of the trial court that the plaintiffs had in all respects fully performed their contract, and that defendant had abandoned and repudiated his, is fully supported by the evidence.   Under these circumstances the plaintiffs were entitled to sue for money had and received and to recover the sums paid under the contract.

The judgment is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.