[Civ. No. 4469.    Second Appellate District, Division Two.—May 4, 1927.]

GEORGE T. MAHANA et al., Respondents, v. LOS ANGELES ENGINEERING AND MANUFACTURING COMPANY (a Corporation), Appellant.

[1] TRIAL — DELAY IN SIGNING FINDINGS — EVIDENCE—APPEAL.—The fact that findings and judgment are not signed until more than nine months after the case was taken under advisement is not a ground of appeal; and it cannot be said, as a matter of law, · that the mass of testimony, pleadings, and exhibits in the case made it impossible for the trial court to properly decide the case and give it the consideration and attention it deserved after such delay.

[2] CONTRACTS — SEVERABLE INSTRUMENTS — ONE TRANSACTION—CONSTRUCTION.—Whether separate instruments executed at or about the same time are to be construed as severable contracts, or as constituting but one transaction, must be determined according to the intention of the parties, upon consideration of all the circumstances; and in this action to recover moneys paid under a contract for the manufacture of electric flashing mechanism, the

---

· 2.    See 6 Cal. Jur. 322; 6 R. C. L. 858.

trial court properly treated as one transaction the three separate instruments executed by the parties relating to the manufacture of the first model, the dies, jigs, and tools, and of the flashers in quantities.

[3] ID.—PLEADING—EVIDENCE.—In such action, where there was but one transaction, and the alleged liability of defendant was pleaded, in accordance with the facts, in separate counts, as provided by section 427 of the Code of Civil Procedure, the complaint was not in this respect insufficient, and the rulings of the trial court admitting evidence which tended to sustain the terms of such allegations and the provisions of each of the three separate instruments, but not to vary them, were proper.

[4] ID.—MODIFIED AGREEMENT—PLEADING—INSUFFICIENT FACTS—FINDINGS.—In such action, where the defendant, by amendments to its answer, and by cross-complaint, pleaded that, subsequent to the making of the original agreement, the parties entered into a new agreement whereby plaintiffs assumed all responsibility for the successful operation of the sign flashers to be delivered as agreed in said original agreement, as modified by said subsequent agreement, but defendant failed to allege that any sign flashers were delivered under said agreement as modified, defendant failed to state a cause of action in its favor and against plaintiffs, and a finding thereon was not required.

[5] ID.—AFFIRMATIVE DEFENSE—BURDEN OF PROOF—EVIDENCE—FINDINGS—APPEAL.—In such action, the burden was upon defendant to prove the affirmative matters set forth in his answer and cross-complaint relating to an alleged modification of the original agreement and its compliance with the requirements of the agreement as thus modified; and where no evidence was introduced in support of such affirmative matters, defendant was not entitled to a reversal of the judgment because of the failure of the trial court to make a finding thereon.

[6] ID.—LOSS OF PROFITS—SUBSTITUTION OF DIFFERENT ARTICLE—EVIDENCE — JUDGMENT. — In such action, where the evidence showed that plaintiffs did not lose their contracts with the trade, but filled them by making and supplying another type of electric flasher, and there was no evidence showing any loss of profits by reason of defendant's breach of contract, or as to the amount of profit plaintiffs would have made had defendant furnished the article contracted for, a judgment for alleged loss of profits was erroneous.

---

(1) 4 **C. J.**, p. 1166, n. 83.   (2) 13 **C. J.**, p. 530, n. 57.   (3) 22 **C. J.**, p. 1157, n. 48.   (4) 38 Cyc., p. 1968, n. 95.   (5) 4 **C. J.**, p. 1059, n. 6; 35 Cyc., p. 628, n. 69.   (6) 35 Cyc., p. 632, n. 19.

APPEAL from a judgment of the Superior Court of Los Angeles County. Thomas O. Toland, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Fred Horowitz for Appellant.

Duke Stone and Perry F. Backus for Respondents.

CRAIG, Acting P. J.—The defendant appeals from a judgment in favor of the plaintiffs for moneys alleged to have been paid by the latter upon a contract for the manufacture of electric lighting mechanism, the consideration for which the court below found to have wholly failed.

It appears that the defendant corporation undertook to do certain experimental work upon a proposed electric sign flasher, to construct a model, and thereafter make one thousand flashers in accordance therewith, by the use of certain specified tools and dies, also to be made by defendant. The negotiations and experiments continued from the month of June, 1920, until November 22, 1920, when the parties reduced to writing their final agreement for the manufacture of the instruments in quantities. The testimony tended to show that the plaintiffs contemplated purchasing the state rights of a machine known as the McCash type, but that an officer of the defendant suggested that a better instrument could be developed, which would operate successfully, whereas the original sample under consideration had not been perfected.

On August 16, 1920, the defendant executed a contract to design and construct the sample sign flasher for patent "with improvements on magnetic sign flasher, McCash type, and to furnish model of the same and to apply for patents covering improvements; to make necessary dies and equipment for manufacture of same." On November 22, 1920, the parties made and executed an instrument in writing whereby the defendant agreed to manufacture one thousand flashers, and in which it was recited that they had on the same date made and executed an agreement that the defendant should manufacture all necessary dies, jigs, and special tools therefor; and at the same time the parties

executed an instrument whereby the defendant agreed to manufacture such implements, and in which it was recited that they had on that date made and executed an agreement that the defendant should manufacture for the plaintiffs the one thousand electric sign flashers. Said instruments when completed were to be delivered in certain specified lots, and at stated intervals, and the plaintiffs agreed to pay therefor at various stipulated periods, at the rate of $12 each. .

In the contract providing for the manufacture of the flashers it was agreed that the manufacturer might "use any material or materials suitable for the purpose, the parties of the second part [plaintiffs herein] being interested in securing a flasher as serviceable as, and that will perform as well as, the model." And "the party of the first part [defendant] guarantees each flasher to be in perfect working order when delivered . . . and to function properly when operated on proper voltage, current, cycle and conditions as designated on each flasher," and to replace without charge any faulty or defective parts upon ninety days' demand. The manufacturer also agreed to furnish bond for the faithful performance of the contract, which it did, in the sum of $6,000.

Many of the machines were manufactured and delivered, but plaintiffs' witnesses testified that it was impossible to use them, owing to poor materials, imperfect construction, and faulty electrical contact as constructed by the defendant. The parties experimented with various processes and materials without avail. An expert witness for the plaintiffs testified that the flashers were worthless; that representatives of the defendant sought his advice as to what could be done to render the machines serviceable, but that he informed them that he did not know. The plaintiffs ultimately declined to receive further deliveries, and instituted this action by a complaint consisting of two counts, for the sum of $10,405, alleged to have been paid to the defendant, for which they received no consideration, and for $6,000, representing an alleged loss of profit of $20 on each of 300 flashers which the plaintiffs claimed that they had, with full knowledge of the defendant, contracted to furnish to their trade.

[1] The case was tried before the court without a jury, and was taken under advisement on March 21, 1922. On

January 5, 1923, the trial court signed its findings and judgment in favor of the plaintiffs for the sum of $16,405, with interest from June 1, 1921, and for costs.

It is persistently argued throughout the appellant's briefs that the "mass of testimony, pleadings and exhibits made it impossible for the learned judge to properly decide the case and to give it the consideration and attention that it deserved after such delay." This is not a ground of appeal, nor can we say as a matter of law that such delay was not for the purpose of, or that it failed to facilitate, an exhaustive and careful consideration of the mass of pleadings and evidence with which the trial judge was burdened in addition to the performance of the regular duties of trial work known to continually occupy our superior courts and which followed the conclusion of the contest in question. Appellant does not attempt to infer that its case was neglected, nor is our attention called to any theory upon which it might be assumed that an extended consideration of the case could have prejudiced a judicious determination of the issues before the court.

[2] The principal point urged by appellant arises from the fact that the parties provided for the manufacture of the first model, the dies, jigs, and tools, and of the flashers in quantities, by three separate instruments, It is insisted that while the complaint was based only upon the main contract for the production and delivery of flashers, the court below received in evidence, over the defendant's objection, oral and documentary evidence as to the contract for the manufacture of the model, and of the dies and implements, and awarded judgment accordingly, as though each constituted a component part of a single transaction. It is asserted that this was error, and many of appellant's assignments must stand or fall by the determination of this issue.

The line of demarcation between entire and severable contracts has been definitely drawn in this state, and the case before us differs little from those heretofore reported, which hold that it is a question of interpretation to be determined according to the intention of the parties, upon consideration of all of the circumstances. (*Los Angeles Gas etc. Co.* v. *Amalgamated Oil Co.,* 156 Cal. 776 [106 Pac. 55];

*Goorberg* v. *Western Assur. Co.*, 150 Cal. 510 [119 Am. St. Rep. 246, 11 Ann. Cas. 801, 10 L. R. A. (N. S.) 876, 89 Pac. 130]; *Sterling* v. *Gregory*, 149 Cal. 117 [85 Pac. 305]; *Mitchell* v. *Samuels*, 39 Cal. App. 134 [179 Pac. 336].) While it is true that the written contract of August 16th only provided for the furnishing by defendant of a model flasher and contained no express guaranty, nevertheless, from the oral testimony which was given and properly received to explain the contract, and from the subsequent written agreements between the parties, it is apparent that the stipulation of the subsequent agreements were within the contemplation of the parties at and prior to August 16th. It must be conceded, therefore, that the experiments, formulation of plans, construction of a model, and manufacture of special dies, jigs, and tools, were all intended to be initiatory steps toward the production of electric sign flashers, and that the manufacture and delivery of the machines received by the respondents was but a direct result of such preliminary preparations for a prospective profitable undertaking. Without the latter the model and the tools would have been worthless, and without them the final product would have been impossible. If, acting upon the suggestion of the defendant corporation, the plaintiffs expended sums of money for experiments, materials, model, and tools to be employed in the production of an appliance which ultimately proved to be inoperative and unmerchantable, though the manufacturer had guaranteed the same "to be in perfect working order when delivered . . . and to function properly," all moneys so expended toward the contemplated end were a loss, and the consideration failed.

It is not contended that the amount of damages alleged to have been suffered by the plaintiffs embraced other than the amounts actually paid, and profits which they would have earned had the consideration not failed. [3] Hence, since, as we have shown, there was but one transaction, and the alleged liability was pleaded, in accordance with the facts, in separate counts, as provided by section 427 of the Code of Civil Procedure, the complaint was not in this respect insufficient, and rulings of the trial court admitting evidence which tended to sustain the terms of such allegations and the provisions of each instrument, but not to vary them, were proper.

[4] Appellant next insists that a material issue was presented by the pleadings and the evidence upon which the trial court made no finding, and that because of such omission reversible error was committed. By amendments to its answer and to its cross-complaint the defendant alleged: "That on or about the 14th day of March, 1921, the plaintiffs and this defendant entered into an agreement, which said agreement provided that the original agreement, dated November 22, 1920, as aforesaid be modified in the following respects: that a steel plunger, to be made in conformity with a model then and there determined upon, would be used in the dash pot or cylinder of said sign flasher, in the place and stead of the aluminum plunger theretofore agreed upon between the plaintiffs and this defendant; that the said dash pot or cylinder in which said steel or aluminum plunger operated would be changed, and made in conformity with a certain design then and there determined upon. Said agreement further provided that in the event said changes were so made that the plaintiffs would relieve this defendant of any responsibility and that the plaintiffs would assume the full responsibility for the successful operation of the sign flashers to be delivered as agreed in said agreement dated November 22, 1920, as modified by the aforesaid agreement; that this defendant thereupon immediately undertook to and did make the said changes in conformity to said model and design at a cost to this defendant of $1,550.00."

This allegation required no finding, for it fails to state a cause of action on behalf of the defendant against the plaintiffs. It alleges that the plaintiffs assumed all responsibility for the successful operation of the sign flashers "to be delivered as agreed in said agreement of November 22, 1920, as modified by the aforesaid agreement," but it fails to allege that any sign flashers were delivered under said agreement as modified by the aforesaid agreement.

[5] The amendment to the answer and to the cross-complaint further alleged: "That on or about the 28th day of March, 1921, this defendant and plaintiffs entered into another agreement, which said agreement provided that the original agreement dated November 22, 1920, as modified as aforesaid, be further modified in the following particulars: that a fibre cam, to be made in conformity with a model

prepared by plaintiffs be used in the place and stead of the cam (the said cam being a part of said sign flashers) theretofore agreed upon between the plaintiffs and this defendant, and that this defendant should furnish to the plaintiffs, without cost, fifty of said cams to be placed upon the flashers theretofore delivered to plaintiffs. Said agreement further provided that in the event said changes were so made that the plaintiffs would relieve this defendant of any responsibility and that the plaintiffs would assume full responsibility for the successful operation of the said sign flashers to be delivered as agreed in said agreement dated November 22, 1920, as modified as aforesaid. That this defendant immediately undertook to and did make the new cams in conformity with said model and did deliver to plaintiffs fifty of said cams. That said changes cost this defendant the sum of $150.00.''

This paragraph contained an allegation that fifty of the cams were delivered, but appellant has pointed to no evidence in the record, and we have found none, showing that these particular cams provided for under this alleged amendment were in fact ever delivered. Besides, the allegation that fibre cams were delivered is insufficient to show a compliance with the requirement that ''said sign flashers'' be delivered as agreed in the original contract as modified by this amendment to the agreement, for according to the amendment above quoted, the defendant was required to make delivery of the sign flashers, and not merely cams, in order to be relieved of responsibility for the successful operation of the sign flashers.

A judgment will not be reversed for failure of the trial court to make a finding where such finding if made would have been adverse to the appealing party. Of course the burden of proof was on the appellant as to this issue, and the absence of evidence to sustain it would have left an unsupported finding.

[6] It is contended that inasmuch as the plaintiffs admit that they filled their forfeited contracts with the trade with other and different instruments, the judgment for $6,000 upon the second count of the complaint is not sustained by the evidence. The evidence showed that they did not lose their contracts with the trade, but that they filled them by manufacturing and supplying another type of electric

flasher.  To make even a *prima facie* case on this count it would have been necessary for the plaintiffs not only to have shown the amount of profit which they would have made had they been able to furnish the article contracted for, but since another article was substituted and accepted by the plaintiffs' customers, to have further shown what profit, if any was received therefrom, was requisite and should obviously have been deducted from the loss otherwise sustained.  It may well have been that the plaintiffs gained by the change.  The burden of proof was on the plaintiffs to establish their loss and the amount thereof.  It was no part of the defendant's duty to produce evidence as to the profit or loss sustained by the plaintiffs upon the sale of the substituted article, any more than upon the same element involved in a failure of the plaintiffs to furnish to their customers the article contracted to be sold.  It is the loss sustained on the entire transaction which may be recovered, if a recovery is to be had, and not what would have been the loss had the plaintiff's customers refused to accept a substitute flasher.  The proof as to damage sustained in this behalf was incomplete.  The amount awarded on this count must be deducted from the judgment.

As so modified, the judgment is affirmed.

Thompson, J., and Johnson, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 3, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1927.